UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CHUKWUEMEKA NDULUE, | NO. CIV. 08-01696 WBS KJM |
| Plaintiff, | MEMORANDUM AND ORDER RE: SPECIAL MOTIONS TO STRIKE, MOTION TO DISMISS, MOTION TO STRIKE PUNITIVE DAMAGES, AND MOTIONS FOR A MORE DEFINITE STATEMENT |
| v. | |
| THE FREMONT-RIDEOUT HEALTH GROUP; SUTTER NORTH MEDICAL GROUP, PC; DEL NORTE CLINICS, INC.; THE PEACH TREE CLINIC, INC.; LEONARD MARKS, M.D.; PUSHPA RAMAN, M.D.; CHERRY ANN WY, M.D.; ARUM KUMAR, M.D.; HARRY WANDER, M.D.; MAX LINS, M.D.; and DOES 1-100, inclusive, | |
| Defendants. | |

----oo0oo----

On July 23, 2008, plaintiff Chukwuemeka Ndulue, a pediatrician, filed this lawsuit against Fremont-Rideout Health Group ("Fremont"), Sutter North Medical Group PC ("Sutter North"), Del Norte Clinics Inc. ("Del Norte"), The Peach Tree Clinic Inc. ("Peach Tree"), Leonard Marks, Pushpa Raman, Cherry

1

Ann Wy, Arum Kumar, Harry Wander, and Max Lins alleging that, on account of his race, they repeatedly harassed him and interfered with his ability to practice medicine.  The Complaint contains the following seven causes of action: violations of (1) 42 U.S.C. § 1981 and (2) 42 U.S.C. § 1985; (3) interference with prospective economic advantage;[1] (4) violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; (5) intentional infliction of emotional distress; (6) negligent infliction of emotional distress; and (7) temporary and permanent injunctive relief.

Defendants, with the exception of Peach Tree, have filed special motions to strike plaintiff's Complaint pursuant to California's anti-Strategic Lawsuits Against Public Participation ("anti-SLAPP") statute, Cal. Civ. Proc. Code § 425.16.  These defendants also move to dismiss plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and to strike his request for punitive damages under Federal Rule of Civil Procedure 12(f). In the alternative, they move for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).  Defendant Peach Tree also moves for a more definite statement under Rule 12(e).  The court will address each motion in turn.

---

[1]    Plaintiff has labeled his third cause of action "interference with prospective business and economic relationships."  The court will construe this cause of action as a claim for "interference with prospective economic advantage," the more common term for the tort.

I.     <u>Special Motions to Strike (Anti-SLAPP)</u>[2]

In 1992, the California legislature enacted the anti-SLAPP statute to curtail the "disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances."  Cal. Civ. Proc. Code § 425.16(a).  Section 425.16 provides a procedural remedy to any defendant sued in a strategic lawsuit against public participation ("SLAPP").  Within sixty days of the service of the complaint, a defendant may bring a special motion to strike a claim "arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue."  <u>Id.</u> § 425.16(b)(1), (f).[3]

An anti-SLAPP motion "challenge[s] particular causes of

_____

[2]     All named defendants, with the exception of Peach Tree, have filed or joined in identical anti-SLAPP motions.  Therefore, for purposes of Section II.A, any reference to "defendants" shall include all named defendants except Peach Tree.

[3]     Plaintiff argues that the court should deny joinder of defendants Sutter North and Del Norte to Fremont et al.'s anti-SLAPP motion because their notices of joinder were untimely under California Civil Procedure Code section 425.16(f) and Eastern District Local Rule 78-230(b).  The court will decide the motion as though the notices were timely because the decision will not adversely affect plaintiff.  <u>See</u> <u>Croman Corp. v. Gen. Elec. Co.</u>, No. 05-0575, 2005 WL 2219261, at *1 n.1 (E.D. Cal. 2005 Sept. 12, 2005); <u>see also</u> <u>Belisle v. Antelope Valley Union High Sch. Dist.</u>, No. B152229, 2002 WL 31839240, at *7 (Cal. Ct. App. Dec. 19, 2002) (noting that section 425.16(f) allows the trial court to consider or reject a late-filed motion <u>at the court's discretion</u>" (emphasis in original)).  Plaintiff also has submitted evidentiary objections to certain portions of defendants' affidavits supporting their anti-SLAPP motions.  Since the court does not rely on the affidavits, the court will not rule on plaintiff's objections.  <u>See</u> <u>Reger v. Smith</u>, No. 05-2156, 2006 WL 2458714, at *2 n.4 (E.D. Cal. Aug. 22, 2006).

3

1  action, rather than individual allegations or theories supporting

2  a cause of action." Bulletin Displays, LLC v. Regency Outdoor,

3  448 F. Supp. 2d 1172, 1180 (C.D. Cal. 2006) (citing Cal. Civ.

4  Proc. Code § 425.16(b)(1)).  If a complaint contains both SLAPP

5  and non-SLAPP causes of action, the SLAPP claims alone may be

6  stricken. Shekhter v. Fin. Indem. Co., 89 Cal. App. 4th 141, 150

7  (2001).

8          Here, plaintiff's first and second causes of action are

9  federal claims.  Although the anti-SLAPP statute applies to state

10 law claims heard in federal court, United States ex rel. Newsham

11 v. Lockheed Missiles & Space Co., 190 F.3d 963, 973 (9th Cir.

12 1999), it does not apply to federal claims in federal court, as

13 this would frustrate substantive federal rights. Bulletin, 448

14 F. Supp. at 1182 ("While the anti-SLAPP statute furthers

15 'important, substantive state interests,' . . . California has no

16 interest in dictating rules of procedure or substance applicable

17 to federal claims brought in federal court." (citation omitted));

18 see New.Net, Inc. v. Lavasoft, 356 F. Supp. 2d 1090, 1099-1100

19 (C.D. Cal. 2004); Globetrotter Software, Inc. v. Elan Computer

20 Group, Inc., 63 F. Supp. 2d 1127, 1130 (N.D. Cal. 1999).

21 Accordingly, the court will deny defendants' anti-SLAPP motion as

22 to plaintiff's first and second causes of action.

23         As to plaintiff's state law claims, defendants' argue

24 that these causes of action "arise" from their protected peer-

25 review activities.  In support of their contentions, defendants

26 cite Kibler v. Northern Inyo County Local Hospital District, 39

27 Cal. 4th 192 (2006) (holding that the defendant hospital's peer-

28 review proceedings were protected under section 425.16(e)(1)).

4

Whether a claim "arises" from protected activity, however, depends on the "principal thrust" or "gravamen" of the claim. Martinez v. Metabolife Int'l, Inc., 113 Cal. App. 4th 181, 188 (2003). "[W]hen the allegations referring to arguably protected activity are only incidental to a cause of action . . . collateral allusions to protected activity should not subject the cause of action to the anti-SLAPP statute." Id.

At this time, the sparse record in this case does not permit the court to determine whether peer review is the "principal thrust" of plaintiff's state law claims. Although plaintiff alleges that defendants used peer review as a type of "witch hunt" to intimidate him (Compl. ¶¶ 95, 105), he also alleges that defendants harassed him with racial slurs and pressured his patients to select a different physician (id. ¶¶ 89-90, 96-97). Only with additional discovery can the court assess whether these unprotected activities are merely incidental to plaintiff's claims. Accordingly, the court will deny defendants' anti-SLAPP motion without prejudice to its being renewed after discovery on that issue has been completed.

II. Motion to Dismiss[4]

---

[4] All named defendants, with the exception of Peach Tree, have joined in the motion to dismiss. Therefore, for purposes of Section II.B, any reference to "defendants" shall include all named defendants except Peach Tree.

The court notes that Del Norte filed its notice of joinder to the motion to dismiss on August 29, 2008. Previously, Del Norte had filed its Answer to plaintiff's Complaint on August 18, 2008. Therefore, as to Del Norte, the motion to dismiss is not a Rule 12(b)(6) pre-answer motion. See Fed. R. Civ. P. 12(b) ("A motion making any of these defenses shall be made before pleading . . . ."). Nonetheless, the defense of failure to state a claim upon which relief can be granted can be raised by a motion for judgment on the pleadings. See id. 12(h)(2).

A.   <u>Legal Standard</u>

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), <u>overruled on other grounds by</u> <u>Davis v. Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972).  To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007).  Dismissal is appropriate, however, where the plaintiff fails to state a claim supportable by a cognizable legal theory.  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990); <u>see also</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957), <u>abrogated on other grounds by</u> <u>Twombly</u>, 127 S. Ct. at 1968 (complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests").

B.   <u>Exhaustion and Mandate Requirements</u>

Defendants move to dismiss all of plaintiff's claims as premature because plaintiff failed to exhaust administrative remedies and obtain a writ of mandate overturning Fremont's privilege decision before filing the present action.  (Defs.' Am. Mot. to Dismiss 15:7-10, 18:14-17.)  Under California law, before a doctor may "initiate litigation challenging the propriety of a

Accordingly, as to Del Norte, the court will construe the current motion as one for judgment on the pleadings pursuant to Rule 12(c).  <u>See</u> Fed. R. Civ. P. 12(c) ("After the pleadings are closed . . . any party may move for judgment on the pleadings."). A motion for judgment on the pleadings pursuant to Rule 12(c)is analyzed under the same standard that applies to a Rule 12(b)(6) motion.  5A Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1367 n.19).

hospital's denial or withdrawal of privileges, [the doctor] must exhaust the available internal remedies afforded by the hospital." Westlake Cmty. Hosp. v. Superior Court, 17 Cal. 3d 465, 469 (1976).  In addition, before a doctor can bring a tort action for damages based on a quasi-judicial decision to deny hospital privileges, that decision must first be overturned by a grant of a writ of mandate. Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 651 (9th Cir. 1988) (citing Westlake, 17 Cal. 3d at 484).

As pled, most of plaintiff's allegations do not appear to challenge any decision on plaintiff's privileges at the Hospital, and therefore, the exhaustion and writ requirements do not apply.  Only the May 23 Letter, which granted an extension of plaintiff's clinical privileges for only one year instead of two, might qualify as an administrative decision denying plaintiff's privileges.  However, even assuming the May 23 Letter qualifies as such a decision, plaintiff would not necessarily be required to have first exhausted internal hospital remedies and successfully obtained a writ of mandate before filing this action.  For example, plaintiff would not have such obligations if the internal remedies were inadequate or unavailable.  See Kaiser Found. Hosp. v. Sacramento County Superior Court, 128 Cal. App. 4th 85, 101 (2005) (recognizing a limited number of long-held exceptions to the exhaustion doctrine under California law, including inadequacy of procedures).  In addition, plaintiff only had an obligation to seek a writ of mandate challenging the May 23 Letter if the decision contained therein was the result of "a quasi-judicial action." Westlake, 17 Cal. 3d at 484.

1   The question of whether plaintiff's claims are
2   premature thus involves issues of fact not appropriate for
3   consideration at this stage of the proceedings.  Accordingly, the
4   court will deny defendants' motion to dismiss for failure to
5   exhaust administrative remedies and failure to seek a prior writ
6   of mandate.

7                    C.   Peer-Review Immunity

8            Defendants contend that plaintiff's state law claims
9   must be dismissed because defendants are immune from liability
10  under the Health Quality Improvement Act of 1986 ("HCQIA"), 42
11  U.S.C. §§ 11101-11152 (1988), and California Civil Code section
12  43.7.  The HCQIA provides that, if a "professional review action"
13  (as defined in HCQIA) meets certain due process and fairness
14  requirements, then those participating in such review "shall not
15  be liable in damages under any law of the United States or of any
16  State (or political subdivision) with respect to the action."  42
17  U.S.C. § 11111.  Section 43.7 similarly provides:

18       There shall be no monetary liability on the part of,
         and no cause of action for damages shall arise against,
19       . . . any member of any peer review committee whose
         purpose is to review the quality of medical . . .
20       services rendered by physicians and surgeons . . . for
         any act or proceeding undertaken or performed in
21       reviewing the quality of medical . . . services
         rendered by physicians and surgeons . . . .
22
23  Cal. Civ. Code § 43.7(b).

24           Although some of the allegations supporting plaintiff's
25  state law claims involve peer-review activities (see Compl. ¶¶
    95, 105, 116), plaintiff also alleges conduct unrelated to peer
26  review (see id. ¶¶ 45, 74-75, 77, 89-90).  Accordingly, since
27  Rule 12(b)(6) allows for dismissal only when "no relief could be
28

                                8

granted under any set of facts that could be proved consistent with the allegations," Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)), the court will deny defendants' motion to dismiss on immunity grounds.

D.   Plaintiff's § 1981 Claim

42 U.S.C. § 1981(a) provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . .

In Jones v. R.R. Donnelley & Sons Co., the Supreme Court held that the statute of limitations for a claim brought under § 1981, as amended by the Civil Rights Act of 1991, was governed by the four-year statute of limitations set forth in 28 U.S.C. § 1658(a).  541 U.S. 369, 382 (2004).  Defendants contend that plaintiff's § 1981 claim is time-barred because he filed his Complaint in 2008, while the alleged events relevant to racial discrimination occurred, at the latest, in 2003.  (Defs.' Am. Mem. in Supp. of Mot. to Dismiss 7-8.)  These events involve two racial epithets allegedly made by defendant Marks about plaintiff in 2002 and 2003.  (See Compl. ¶¶ 31, 58.)

Defendants are correct in asserting that specific discriminatory statements occurring before the limitations period are not actionable in and of themselves.  See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002) ("[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.").

9

However, while § 1981's statute of limitations bars a cause of action based on such statements, the statements nonetheless "may provide relevant background information in determining present discriminatory action." Bouman v. Block, 940 F.2d 1211, 1218 (9th Cir. 1991) (citing United Air Lines v. Evans, 431 U.S. 553, 558 (1977)).

        In the instant case, plaintiff's § 1981 claim does not rest solely on these two alleged statements.  Plaintiff alleges that from 2003 to 2008, defendants violated the Hospital's nursery policy by failing to notify him when expectant mothers who had chosen him as their pediatrician delivered (id. ¶ 74); that defendants pressured his patients to select a different physician or would discourage prospective patients from selecting him (id. ¶¶ 77, 89-90); and that while plaintiff managed the OCP, defendants improperly directed patients away from the OCP and prevented plaintiff from hiring and retaining physicians to assist him (id. ¶¶ 45, 75, 79).  In context, the racial epithets may provide evidence to suggest that defendants' alleged conduct was racially motivated.  See, e.g., Cordova v. State Farm Ins., 124 F.3d 1145, 1150 (9th Cir. 1997) (inferring discriminatory motive where an employer referred to a Mexican-American employee as a "dumb Mexican").  Accordingly, since at least some of the alleged discriminatory conduct falls within the limitations period, the court will deny defendant's motion to dismiss plaintiff's § 1981 claim as barred by the statute of limitations.

        Defendants also contend that plaintiff has failed to plead sufficient facts to state a claim under § 1981.  Federal Rule of Civil Procedure 8(a)(2), however, sets out the pleading

10

requirements applicable to all claims, including claims alleging discrimination.  <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 511 (2002).  There is no requirement that the plaintiff plead facts establishing a prima facie case of discrimination.  <u>Id.</u> at 510-11.  Therefore, courts must express a "willingness to 'allow[] lawsuits based on conclusory allegations of discrimination to go forward.'"  <u>Maduka v. Sunrise Hosp.</u>, 375 F.3d 909, 912 (9th Cir. 2004) (quoting <u>Swierkiewicz</u>, 534 U.S. at 514).

Defendants finally argue that plaintiff's claim should be dismissed because he only alleges "an unknown and unsubstantiated contract with an unidentified patient."  (Defs.' Am. Mem. in Supp. of Mot. to Dismiss 12.)  Section 1981(b), however, broadly defines the phrase "make and enforce contracts" to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  Case law suggests, moreover, that § 1981 addresses a wide range of prospective contracting activity.  <u>See Runyon v. McCrary</u>, 427 U.S. 160 (1976) (holding that § 1981 applied where private schools denied admission to prospective minority students and thus interfered with their parents' right to contract for educational services); <u>see also</u> <u>Imagineering, Inc. v. Kiewit Pacific Co.</u>, 976 F.2d 1303, 1313 (9th Cir. 1992) (noting that since "[a]n important purpose of section 1981 is to eliminate race based interference with the right of each citizen to contract . . . courts have not imposed a privity of contract type requirement").

Accordingly, the court will deny defendants' motion to

11

1  dismiss plaintiff's § 1981 claim.

2          E.   Plaintiff's § 1985(3) Claim[5]

3          Section 1985(3) creates a civil action for damages
4  caused by two or more persons who "conspire . . . for the purpose
5  of depriving" the injured person of "the equal protection of the
6  laws, or of equal privileges and immunities under the laws" and
7  take or cause to be taken "any act in furtherance of the object
8  of such conspiracy."  42 U.S.C. § 1985(3).

9          At one time, the Ninth Circuit employed a heightened
10 pleading standard for causes of action alleging a conspiracy to
11 violate constitutional rights.  See Branch v. Tunnell, 937 F.2d
12 1382, 1386 (9th Cir. 1991), overruled by Galbraith v. County of
13 Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002).  Since
14 deciding Galbraith, however, the Ninth Circuit has adopted the
15 view that "a heightened pleading standard should only be applied
16 when the Federal Rules of Civil Procedure so require."  Empress
17 LLC v. City & County of S.F., 419 F.3d 1052, 1056 (9th Cir.
18 2005).  Indeed, as the Supreme Court has admonished, "[a]
19 requirement of greater specificity for particular claims is a
20 result that 'must be obtained by the process of amending the
21 Federal Rules, and not by judicial interpretation.'"
22 Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002) (quoting
23 Leatherman v. Tarrant County Narcotics Intelligence &
24 Coordination Unit, 507 U.S. 163, 168 (1993)).

25         Under the notice-pleading standard of Rule 8 of the

26 ─────────────────────
27         [5]   Plaintiff provides that his second cause of action
   arises under 42 U.S.C. § 1985(c).  The statute does not have a
   subsection (c).  The language quoted in plaintiff's Complaint,
28 however, is from 42 U.S.C. § 1985(3).

1  Federal Rules of Civil Procedure, plaintiff's allegations are
2  sufficient to state a claim under § 1985(3).  Plaintiff alleges
3  that defendants' interference with his medical practice was not
4  only motivated by racial animus, but was also carried out
5  pursuant to a conspiracy. (See Compl. ¶¶ 36, 62, 70.).
6  Accordingly, the court will deny defendants' motion to dismiss
7  plaintiff's claim under § 1985(3).

8          F.    Interference with Prospective Economic Advantage
9                and Unfair Competition

10          Plaintiff asserts claims for interference with
11  prospective economic advantage and violations of California's
12  Unfair Competition Law (UCL) in his third and fourth causes of
13  action, respectively.  Defendants move to dismiss these claims
14  because the Complaint "sets forth no more than broad
15  generalities," and it is therefore "impossible to discern . . .
16  which [d]efendants performed what acts . . . ."  (Defs.' Am. Mem.
17  in Supp. of Mot. to Dismiss 23:6-10.)

18          The court refuses to dismiss plaintiff's interference
19  with prospective economic advantage and UCL claims on these
20  grounds.  To survive a motion to dismiss, a complaint "must
21  simply 'give the defendant fair notice of what the plaintiff's
22  claim is and the grounds upon which it rests.'" Swierkiewicz v.
23  Sorema N.A., 534 U.S. 506, 513 (2002) (quoting Conley v. Gibson,
24  355 U.S. 41, 47 (1957)).  Defendants' arguments that the
25  pleadings fail to provide sufficient specificity are therefore
26  more appropriate for a motion for a more definite statement under
27  Federal Rule of Civil Procedure 12(e) than a motion to dismiss
28  for failure to state a claim.  See id. at 514.  Accordingly,

13

defendants' motion to dismiss plaintiff's third and fourth causes
of action will be denied.

        G.    Emotional Distress Claims

        Defendants move to dismiss plaintiff's claims for
emotional distress as time barred under the statute of
limitations. (Defs.' Am. Mem. in Supp. of Mot. to Dismiss 20:3-
6; 21:1-4.)  While the Complaint is largely silent as to the
dates of defendants' alleged misconduct and plaintiff's injuries,
it does contain multiple allegations that at least some of the
relevant misconduct continued through the date of the filing of
this action. (See, e.g., Compl. ¶¶ 58, 77.)  The court therefore
will not dismiss plaintiff's emotional distress claims in their
entirety upon statute of limitations grounds.

        In addition, the Complaint adequately alleges that
defendants engaged in outrageous conduct.  The Complaint alleges
that defendants, on account of plaintiff's race, engaged in a
variety of misconduct designed to harass plaintiff, drive him out
of the practice of medicine in the Yuba City-Marysville area, and
cause him emotional and mental distress. (Compl. ¶¶ 2, 95-97,
101.)  Allegations of racially discriminatory and humiliating
treatment in the workplace have been found sufficient to
constitute outrageous conduct under California law.  See Alcord
v. Anbro Eng'g, Inc., 2 Cal. 3d 493, 498-99 (1970) (holding that
intentional humiliation, insulting of plaintiff's race, and
employment termination, all without cause or provocation, were
sufficient to allege "extreme and outrageous" conduct for the
purposes of a demurrer).  Furthermore, when reasonable minds may
differ as to whether alleged conduct is sufficiently outrageous,

14

dismissal for failure to state a claim is inappropriate.  <u>Maffei v. Allstate Cal. Ins. Co.</u>, 412 F. Supp. 2d 1049, 1057 (E.D. Cal. 2006).  Accordingly, the court will deny defendants' motion to dismiss plaintiff's claim of intentional infliction of emotional distress.

The tort of negligent infliction of emotional distress is a form of negligence to which the standard elements of duty, breach, causation, and damages apply.  <u>Hillblom v. County of Fresno</u>, 539 F. Supp. 2d 1192, 1209 (E.D. Cal. 2008) (citing <u>Huggins v. Longs Drug Stores Cal., Inc.</u>, 6 Cal. 4th 124, 129 (1993)).  Here, given defendants' relationships to the Hospital and plaintiff, the Complaint sufficiently alleges that defendants breached some existing duty through their alleged misconduct. Since dismissal is only appropriate when "no relief could be granted under any set of facts that could be proved consistent with the allegations," <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002) (quoting <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)), dismissal is not appropriate for plaintiff's claim for negligent infliction of emotional distress.

Accordingly, defendants's motion to dismiss plaintiff's IIED and NIED claims will be denied.

H.   <u>Temporary and Permanent Injunctive Relief</u>

"[A]n injunction is a remedy," however, "not a cause of action."  <u>Abboub v. Int'l Bus. Machs. Corp.</u>, No. 04-00017, 2006 WL 905319, at *9 (N.D. Cal. Apr. 7, 2006) (quoting <u>Roberts v. L.A. County Bar Ass'n</u>, 59 Cal. App. 4th 604, 618 (2003)). Because plaintiff requests the same remedies in his prayer for relief, the court will strike plaintiff's seventh cause of action

1  for a temporary and permanent injunction.  Fed. R. Civ. P.

2  12(f)(1).[6]

3      III. Motion to Strike Punitive Damages[7]

4          A.   Federal Claims

5          "Punitive damages are available against individuals

6  under sections 1981 , 1983, or 1985(3)."  White v. Wash. Pub.

7  Power Supply Sys., 692 F.2d 1286, 1290 (9th Cir. 1982).  Punitive

8  damages may be appropriate when "defendant's conduct is shown to

9  be motivated by evil motive or intent, or when it involves

10  reckless or callous indifference to the federally protected

11  rights of others."  Smith v. Wade, 461 U.S. 30, 56 (1983).

12          "[I]n federal court, a plaintiff may include a 'short

13  and plain' prayer for punitive damages that relies entirely on

14  unsupported and conclusory averments of malice and fraudulent

15  intent."  Clark v. Allstate Ins., Co., 106 F. Supp. 2d 1016, 1019

16  (S.D. Cal. 2000) (quoting Fed. R. Civ. P. 8(a)(2)); accord

17  Crayton v. Rochester Med. Corp., No. 07-01318, 2008 WL 3367604,

18  at *8-9 (E.D. Cal. Aug. 8, 2008).  In this case, plaintiff avers

19  that defendants "acted with oppression, fraud, and malice."

20  (Compl. ¶ 99.)  This satisfies the pleading requirement of Rule

21  8.  See, e.g., Crayton, 2008 WL 3367604, at *9 (finding that the

22  plaintiff satisfied Rule 8's pleading requirement as to punitive

23

24      [6]   To the extent that plaintiff seeks temporary or
    preliminary injunctive relief, the court notes that such relief
25  must be obtained through a separate motion pursuant to Federal
    Rule of Civil Procedure 65 and Eastern District Local Rule 65-
26  231.

27      [7]   All named defendants, with the exception of Peach Tree,
    have joined in the motion to strike punitive damages.  Therefore,
28  for purposes of Section II.C, any reference to "defendants" shall
    include all named defendants except Peach Tree.

16

1   damages by stating that defendant's alleged conduct was "cruel,

2   egregiously malicious and fraudulent").   Accordingly, the court

3   will deny defendants' motion to strike punitive damages as to

4   plaintiff's federal law claims.

5                    B.   <u>State Claims</u>

6            Defendants contend that plaintiff must satisfy

7   California's heightened pleading requirements for punitive

8   damages as to his claims for interference with prospective

9   economic advantage and intentional infliction of emotional

10  distress.   <u>See</u> Cal. Civ. Code § 3294.   However, numerous courts

11  in this circuit, including this court, have concluded that this

12  heightened pleading standard directly conflicts with Federal

13  Rules of Civil Procedure 8 and 9.   <u>See, e.g.</u>, <u>Clark</u>, 106 F. Supp.

14  2d at 1019; <u>Crayton</u>, 2008 WL 3367604, at *8-9; <u>Broadway v.</u>

15  <u>Felker</u>, No. 06-1482, 2008 WL 4078756, at *3 (E.D. Cal. Aug 29,

16  2008).

17           "Where state law directly conflicts with applicable

18  provisions of the Federal Rules of Civil Procedure, federal

19  courts must apply the Federal Rules--not state law." <u>Clark</u>, 106

20  F. Supp. 2d at 1018.   Therefore, plaintiff need only provide a

21  "short and plain" prayer relying on "entirely on unsupported and

22  conclusory averments of malice" to request punitive damages for

23  his state law claims.   <u>Id.</u>   As discussed above, plaintiff has

24  satisfied this requirement.   Accordingly, the court will deny

25  defendants' motion to strike punitive damages as to plaintiff's

26  state claims.

27

28

1        IV.   <u>Motions for a More Definite Statement</u>[8]

2             "A party may move for a more definite statement of a

3   pleading to which a responsive pleading is allowed but which is

4   so vague or ambiguous that the party cannot reasonably prepare a

5   response."  Fed. R. Civ. P. 12(e).  A motion for a more definite

6   statement is appropriate to "attack unintelligibility, not mere

7   lack of detail[.]"  <u>San Bernardino Pub. Employees Ass'n v. Stout</u>,

8   946 F. Supp. 790, 804 (C.D. Cal. 1996).  If the detail sought by

9   defendants is obtainable through discovery, the court should deny

10  the motion.  <u>Neveu v. City of Fresno</u>, 392 F. Supp. 2d 1159, 1169-

11  70 (E.D. Cal. 2005) (citations omitted); <u>Buick v. World Savings</u>

12  <u>Bank</u>, 565 F. Supp. 2d 1152, 1160 (E.D. Cal. 2008) ("Due to the

13  liberal pleading standards . . . and the availability of

14  extensive discovery, courts should not freely grant motions for

15  more definitive statements.").  "[A] complaint is sufficient if

16  it is specific enough to apprise the defendant[s] of the

17  substance of the claim asserted against [them]."  <u>Stout</u>, 946 F.

18  Supp. at 804 (citing <u>Famolare, Inc. v. Edison Bros. Stores, Inc.</u>,

19  525 F. Supp. 940, 949 (E.D. Cal. 1981)).

20            Here, the Complaint is not so unintelligible as to

21  demand a more definite statement.  Defendants chiefly argue for a

22  more definite statement because throughout the Complaint,

23  plaintiff fails to distinguish between the defendants in either

24  ────────────────────

25        [8]   The court notes that Del Norte filed its notice of
    joinder to Fremont et al.'s motion for a more definite statement
26  on August 29, 2008.  Previously, Del Norte had filed its Answer
    to plaintiff's Complaint on August 18, 2008.  Therefore, the
27  court must deny Del Norte's joinder as untimely.  <u>See</u> Fed. R.
    Civ. P. 12(e) ("The motion [for a more definite statement] <u>must</u>
28  be made before filing a responsive pleading . . . ." (emphasis
    added)).

his factual allegations or his claims.  (Peach Tree's Mem. in
Supp. of Mot. for More Definite Stmt. 5:18-20; Defs.' Am. Mem. in
Supp. of Mot. to Dismiss 24:11-14.)  However, the Complaint
provides adequate basis for defendants to craft a response, and
details such as the dates of specific alleged conduct and which
of the defendants participated in particular acts can be obtained
through discovery.  Accordingly, the court will deny defendants'
motions for a more definite statement.

            IT IS THEREFORE ORDERED that: (1) defendants' special
motions to strike be, and the same hereby are, DENIED without
prejudice; (2) defendants' motion to dismiss be, and the same
hereby is, DENIED (3) defendants' motion to strike punitive
damages be, and the same hereby is, DENIED; (4) defendants'
motions for a more definite statement be, and the same hereby
are, DENIED; (5) the seventh cause of action of plaintiff's
Complaint be, and the same hereby is, STRICKEN.

DATED:  November 5, 2008

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

19