PATRICIA S. TWEEDY, Bar No. 99437
SCHUERING ZIMMERMAN
SCULLY TWEEDY & DOYLE, LLP
400 University Avenue
Sacramento, California 95825-6502
Telephone:     (916) 567-0400
Facsimile:      (916) 568-0400

Attorneys for Defendants FREMONT RIDEOUT HEALTH GROUP, LEONARD MARKS, M.D., PUSHPA RAMAN, M.D., CHERRY ANN WY, M.D.; ARUN KUMAR, M.D., HARRY WANDER, M.D., and MAX LINS, M.D.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHUKWUEMEKA NDULUE, <br><br> Plaintiff, <br><br> vs. <br><br> THE FREMONT-RIDEOUT HEALTH GROUP; SUTTER NORTH MEDICAL GROUP, P.C.; DEL NORTE CLINICS, INC; THE PEACH TREE CLINIC, INC.; LEONARD MARKS, M.D., PUSHPA RAMAN, M.D., CHERRY ANN WY, M.D.; ARUM KUMAR, M.D., HARRY WANDER, M.D., MAX LINS, M.D., et al., <br><br> Defendants. | No.     2:08 CV-01696-WBS-KJM <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> (As approved by the court with annotations in bold/strikeout format) |

Whereas Fremont Rideout Health Group and the physicians on the medical staff have privileges and immunities set forth in Section 1157 of the Evidence Code and in their by-laws, rules, and regulations,[1]

Whereas plaintiff has placed in issue the fairness of the peer review of his care of certain patients,

/////

---

[1] **Provided, however, that any such privileges and immunities do not predetermine the question of whether they will be recognized in this federal action if a dispute is submitted to this court.**

PROTECTIVE ORDER                                                                                            -1-

1    Whereas the prosecution of the within case and the defense of the within case involves use of
2    peer review documents and patient information including patient medical records, many of which are
3    protected from discovery, the parties are in need of a protective order limiting use of confidential
4    information. Parties include officers, directors, employees, consultants, retained experts, and outside
5    counsel and their support staff.

6    Subject to the approval of this Court, it is hereby stipulated, consented to, and agreed by and
7    among the undersigned counsel of record for Plaintiff and Defendants:

8    1.   That the preparation and trial of this action requires the discovery or disclosure of
9    confidential documents, information, or other material.

10   2.   In order to expedite the flow of discovery materials, facilitate the prompt resolution
11   of disputes over confidentiality, adequately protect material entitled to be kept confidential, and serve
12   the ends of justice, a protective order for such information is prudent and necessary.

13   3.   This Protective Order shall apply to all confidential documents (and materials and
14   information included in documents) produced during the course of discovery in this action by the
15   parties, including, but not limited to documents voluntarily exchanged between the parties prior to
16   and after the execution of this Order.

17   4.   This Protective Order shall also apply to testimony taken at a deposition that involves
18   confidential information.

19   5.   Confidential Materials, and any information contained therein, shall be used solely for
20   the purpose of preparing for and conducting the above-captioned action by all sides. All Confidential
21   Materials shall be maintained in confidence and shall not be disseminated to any person not directly
22   connected with this specific action. Confidential Materials protected by this Protective Order shall not
23   be used by or under the authority of any person receiving such material for any business, commercial,
24   or competitive purpose or any other purpose other than pro sec or defense of this action. Specifically,
25   all information listed above and information later described as confidential that is obtained through
26   discovery, or otherwise, from the parties in this action shall not be disclosed to anyone other than:
27   /////
28   /////

        (a)    attorneys for the parties in this action and their partners, associates, secretaries, paralegal assistants, and other employees who may be assisting in the litigation of this action;

        (b)    individuals consulted for the purpose of advising or testifying in this action, provided that all such individuals read and execute the Confidentiality Agreement attached hereto as Exhibit A (the "Confidentiality Agreement");

        (c)    court officials involved in this action (including court reporters and person operating video recording equipment at depositions), and

        (d)    the parties and any potential witnesses to the action, <u>provided that all such individuals (listed in paragraph 5(a), **5(b) and** ~~through~~ (d)) read and execute the Confidentiality Agreement prior to the receipt of any documents or information protected by this protective order</u>.

        (e)    insurance carriers, claims representatives and their support staff.

6.    With regard to patient medical records, all information that identifies any particular patient will be redacted from the record with the exception of the patient's medical record number. Only the portion of the patient's records relevant to the issues in the lawsuit will be provided to counsel. Counsel will, in good faith, produce all relevant documents but will always be mindful of patient privacy issues so as to not produce non-relevant protected health information. If parties withhold records from production due to privacy issues, then redactions and/or withheld documents will be generally described. The parties acknowledge the hospital/patient and physician/patient privilege that protects patients' personal health information and protected health information against disclosure. Nothing in this order should be construed as allowing a party to reveal a patient's identity along with his or her protected health information. As with all other confidential documents disclosed in the case, the parties will obtain return of any document provided to an expert or anyone else and return the confidential documents to the party who produced the documents. The party who produced confidential documents will shred them and dispose of them.

7.    No person receiving such documents shall disclose confidential documents or the information contained therein to any individual except as provided in this order.

/////

PROTECTIVE ORDER    -3-

8. All deponents at depositions in which Confidential Materials or information are referred to or used as exhibits shall be requested to read and execute the Confidentiality Agreement. The parties agree that the portions of all deposition transcripts which refer to confidential information shall be deemed subject to the terms of this order. In the event that any party wishes to file with the court at any time during these proceedings any such deposition transcript or portion thereof, the parties stipulate that, subject to the Court's approval, the transcript shall be filed under seal upon either party's request.

9. Nothing herein shall impose any restriction on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action. Furthermore, nothing herein shall prevent a party from disclosing its own Confidential Material as it deems appropriate.

10. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use**, to the extent allowed by law**.

11. Execution of this protective order shall be without waiver or prejudice to the right of any party to bring before the Court at any time the question of whether (i) any particular document or information is Confidential Material or whether use of any document or information should otherwise be restricted, or (ii) to present a motion to the Court for an separate protective order as to any particular document or information, including restrictions differing from those specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12. The provisions of this stipulated order shall not terminate at the conclusion of this action. Within 30 days of conclusion of all aspects of this action, documents and information and all copies of same (other than exhibits of record) shall be returned to the party or person who produced such documents or information, or, at the option of the producer, shall be destroyed. The party who had obtained copies of documents shall ensure that all persons who received copies of the documents during the course of this litigation return them and shred and dispose of same.

/////

/////

1     13.    The attorneys of record are responsible for employing reasonable measures to control, consistent with this stipulated order, duplication of, access to, and distribution of copies of designated confidential documents and information.

     14.    The parties to this action, and their attorneys as well as employees or other attorneys working in the law firms representing the parties, submit to the jurisdiction of this Court for purposes of enforcing this Order or if the matter has been remanded to state court, to the court where the action is then proceeding.

So stipulated this 28th day of September, 2009.

**SCHUERING ZIMMERMAN**
**SCULLY TWEEDY & DOYLE, LLP**

By /s/PATRICIA S. TWEEDY
PATRICIA S. TWEEDY
Attorneys for Defendants FREMONT RIDEOUT HEALTH GROUP, LEONARD MARKS, M.D., PUSHPA RAMAN, M.D., CHERRY ANN WY, M.D.; ARUN KUMAR, M.D., HARRY WANDER, M.D., and MAX LINS, M.D.

**LAW OFFICES OF MICHAEL J. KHOURI**

By /s/MICHAEL J. KHOURI
MICHAEL J. KHOURI
Attorneys for Plaintiff

**RADOSLOVICH LAW CORPORATION**

By /s/MICHAEL MARTUCCI
MICHAEL MARTUCCI
Attorneys for Defendant
DEL NORTE CLINIC

**DONNELLY NELSON DEPOLO & MURRAY**

By /s/MARY MELTON
MARY MELTON
Attorneys for Defendant
SUTTER NORTH MEDICAL GROUP

|   |   |
|---|---|
| 1 | **PROUT LEVANGIE** |
| 2 |   |
| 3 | By  /s/SHARON FUTERMAN<br>    SHARON FUTERMAN<br>    Attorneys for Defendant |
| 4 | PEACH TREE CLINIC |

## **O R D E R**

IT IS SO ORDERED.

Dated: October 5, 2009.

_____
U.S. MAGISTRATE JUDGE

**CONFIDENTIALITY AGREEMENT**

The parties to this action have signed a protective order (attached) that limits the use of information and documents they get from one another to use in this action only. The purpose of this order is to prevent private or proprietary information from being passed on to others who are not involved in the action. As a potential witness, consultant, or deponent in this action, you may learn or have learned of information that one of the parties considers confidential, private or proprietary. It is import that you keep confidential any documents you see or information you learn from any of the parties, or attorneys for the parties, to this action.

I understand the above and agree to be bound by the protective order. I will keep all information confidential.

Dated:_____

                              _____

EXHIBIT A