UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHUKWUEMEKA NDULUE,                   NO. CIV. 2:08-1696 WBS KJM

      Plaintiff,

    v.                              ORDER

FREMONT-RIDEOUT HEALTH GROUP;
LEONARD MARKS; PUSHPA RAMAN;
CHERRY ANN WY; ARUM KUMAR;
HARRY WANDER; and MAX LINS,

      Defendants.
_____/

----oo0oo----

Plaintiff has moved to continue the trial date in this action to either December 14, 2010 or January 19, 2011. Defendants oppose the motion.

The original trial date of June 22, 2010 was continued to September 14, 2010 by this court's order of May 5, 2010. (Docket No. 211.) Plaintiff's attorney, Michael J. Khouri represents that he will likely be engaged in another trial in the

1

case of <u>People v. Tam Nguyen</u> on September 14, 2010.

   Plaintiffs's attorney states that he scheduled all other matters on his calendar, as well as his vacation, on the assumption that the case would proceed to trial on the originally scheduled date of June 22, 2010, and that the trial date was continued on the court's own motion "as a result of Defendants' voluminous motions for summary judgment." Contrary to the asserted understanding of plaintiff's counsel, the trial date was not continued because of defendants' motions. The court could have easily heard and decided all of defendants' pretrial motions without the need for a continuance were it not for plaintiff's patently inacceptable declarations and exhibits submitted in opposition to defendants' motions.

   As this court previously explained, "[a] trial court can only consider admissible evidence in ruling on a motion for summary judgment." <u>Orr v. Bank of Am., NT & SA</u>, 285 F.3d 764, 773 (9th Cir. 2002) (internal citations omitted). After receiving defendants' objections to plaintiff's evidence supplied in opposition to the motions for summary judgment, many of which appeared to be meritorious, the court generously granted plaintiff an opportunity to resubmit his briefs and evidence to take defendants' evidentiary objections into account. (Docket No. 211.) That is what necessitated the continuance of the trial date.

   Despite being afforded the latitude by the court to amend his exhibits and declarations, plaintiff by and large squandered that opportunity by making only minimal changes to his evidence and failing to account for most, if not all, of

2

defendants' objections.  Many statements in the declarations supplied to the court were blatantly hearsay, obviously lacked foundation, and were clearly not properly authenticated.  (See Docket No. 223 at 3-5.)  Even with the knowledge that defendants had previously objected to those statements, plaintiff did not so much as attempt to change the wording of his declarations or file properly authenticated documents.

It is disturbing to say the least that plaintiff's attorney would cause the court to reschedule the trial in order to allow him to cure obvious defects in his pleadings, make no effort to cure most of those defects, and then ask for the court for a further continuance of the trial as a result of that rescheduling.

Plaintiff's counsel was well-aware of the new trial date in this matter as of May 5, 2010, when the court issued its Order continuing the trial date.  Presumably, plaintiff's counsel was also aware of the trial date in People v. Tam Nguyen at that time as well.  Despite this knowledge, counsel failed to mention any concerns with the trial date until now, almost two months later and less than two weeks before the Final Pretrial Conference.  Counsel's lack of diligence in seeking a continuance undermines his ability to show good cause to move the trial date at this time.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

Furthermore, Mr. Khouri has another attorney in his office, Ashley K. Nguyen, who he felt was sufficiently qualified and capable to appear and argue on an important dispositive motion.  Given Ms. Nguyen's demonstrated competence and

familiarity with the facts and issues of this case and the amount of time left before trial, the court sees no reason why Ms. Nguyen should not be able to cover for Mr. Khouri at plaintiff's trial if the need arises.  Plaintiff has accordingly failed to show good cause to continue the trial in this mater.

    IT IS THEREFORE ORDERED that plaintiff's motion for a continuance be, and the same hereby is, DENIED without prejudice. If plaintiff's attorney is actually in trial in the case of <u>People v. Tam Nguyen</u> (not in some case rescheduled by plaintiff's attorney in the meantime) as of September 14, 2010, the court will reconsider a request to continue the trial date at that time.

DATED:  June 30, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE